IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STEVEN O. HICKMAN, also known as : 
STEVEN L. HICKMAN, :
:
    Plaintiff, :
:
v. : Civ. No. 14-368-RGA
:
CAPT. JOHN G. CORNWELL, et al., :
:
    Defendants. :

Steven O. Hickman, Sussex Correctional Institution, Georgetown, Delaware,
Pro Se Plaintiff.

**MEMORANDUM OPINION**

August 25, 2014
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Steven O. Hickman, a pretrial detainee at the Sussex Correctional Institution, Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5, 7, 9). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A(a).

Plaintiff has a pending criminal matter in State Court and is represented by Defendants William Bill Moore and Brendan O'Neill, attorneys from the Office of the Public Defender of the State of Delaware, on multiple charges that he allegedly he sexually assaulted Defendant Doe (an individual with intellectual disabilities) on January 27, 2014. Plaintiff alleges that Moore failed to provide adequate representation and O'Neill allowed it.

Plaintiff alleges that Defendant police officer Captain John G. Cornwell, learned of the alleged sexual assault from Defendant Beebe Healthcare Sexual Assault Nurse Examiner (SANE) Nurse Doe. Cornwell filed a criminal complaint and a warrant issued on January 28, 2014. (D.I. 2, ex.). Plaintiff alleges that it is clear from the face of the probable cause affidavit that there was no probable cause for a warrant to issue, other than Plaintiff's race. (D.I. 2, ex., at 3, contradicts this allegation). Plaintiff alleges that Cornwell "intentionally falsely reported rape, arrested, detained, and incarcerated Plaintiff knowing there was no rape", and that Cornwell did not read Plaintiff his Miranda rights. (D.I. 1, ¶¶ IV.(4), (5)). Cornwell testified at a February 6, 2014 preliminary hearing, basing his testimony on the victim's statement. (*Id.* at ¶ 7.) Plaintiff alleges that Nurse Doe coached the victim to say that she was raped.

Plaintiff also alleges that on January 27, 2014, he was denied his right to stop questioning, apparently in retaliation for a citizen complaint that he filed against the Milton Police Department on July 11, 2013. (*Id.* at ¶ 7 and ex. A). The citizen complaint claims that Defendant police officer Cpl. Castro had no probable cause to charge, arrest, and incarcerate Plaintiff for possession of cocaine on May 18, 2013. (*Id.*) Plaintiff seeks damages from Castro because she tried to get Plaintiff to do something wrong so that she could beat Plaintiff. The Complaint alleges that Cornwell is the officer who investigated the citizen's complaint.

Plaintiff further alleges that he asked Defendant Milton Mayor Marion Steward to go with him to the police station because he was afraid that he would be threatened. The Mayor called the police station and asked for a copy of the complaint. Plaintiff alleges that the Mayor is aware of misconduct at the Milton Police Department.

The complaint names Delaware Attorney General Joseph R. Biden, III, as a defendant because "he is over the mayor and the Milton Police Department." Plaintiff also named as defendants Drs. Melissa Arzadon and Elisa Montrose Lopez, both physicians at Bayhealth, for lack of medical practices and lack of medical procedures due to false report of rape. Finally, the Complaint names Delaware Family Commissioner Andrew Southmayd as a defendant because Plaintiff was not represented by counsel when Plaintiff appeared before the Commissioner on February 10, 2014, and he sentenced Plaintiff to sixty days VOP until Plaintiff paid the child support he owes.

## Legal Standards

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the

3

well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

### State Actors

Plaintiff's claims against Nurse Doe, Victim Doe, Dr. Arzadon, Moore, O'Neill, and Dr. Lopez fail as a matter of law. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The claims against Nurse Doe, Victim Doe, Dr. Arzadon, and Dr. Lopez fail as they are not state actors. Nor do public defenders Moore and O'Neill act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *See Polk Cnty. v. Dodson*, 454 U.S. 312 (1981).

### Judicial Immunity

The claims against Commissioner Southmayd also fail as he is immune from

suit.[1] Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction." *Id.* at 11-12. The complaint contains no allegations that Commissioner Southmayd acted outside the scope of his judicial capacity, or in the absence of any jurisdiction. Commissioner Southmayd is immune from suit for monetary liability under 42 U.S.C. § 1983.

## Respondeat Superior

Plaintiff alleges that Attorney General Biden allowed misconduct to take place and that Mayor Steward knew, or should have known, of police misconduct and allowed the false report to happen. In essence, Biden and Steward are named as defendants based upon their supervisory positions.

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. *See, e.g., Connick v. Thompson*, 131 S.Ct. 1350, 1358–60 (2011). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct.

---

[1]Court Commissioners are deemed judicial officers. 10 Del. C. §§ 1315-16.

5

*Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir.1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." *Id.* (quoting *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990)). To maintain a claim for supervisory liability, Plaintiff "must show: (1) that the supervising official personally participated in the activity; (2) that the supervising official directed others to violate a person's rights; or (3) that the supervising official had knowledge of and acquiesced in a subordinate's violations." *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Plaintiff's claims against Biden and Steward are not sufficient to state a claim. With regard to Biden, there are no allegations that Biden was aware of any alleged misconduct. With regard to Steward, Plaintiff relies upon a citizens complaint Plaintiff filed against Castro for a wrongful arrest some six months prior to his arrest on sexual assault charges. Notably, there is no mention of Cornwell in the citizen's complaint. The only common denominator is Plaintiff's claim of arrest without probable cause in the citizen's complaint and the instant complaint. The Complaint does not allege that Biden and Steward personally participated in the alleged unlawful activity, that they directed others to violate Plaintiff's rights, or that they had knowledge of and acquiesced in Cornwell's alleged violations. The facts, as alleged, do not rise, or come close to rising, to the level of a constitutional violation.

### Deficient Pleading

Plaintiff alleges that on May 18, 2013, Castro tried to get him to do something so that she could beat him. Plaintiff does not indicate what Castro tried to get him to do. Nor does he allege that Castro caused him harm. In addition, the citizen complaint filed

6

by Plaintiff makes no mention of any type of force used by Castro. The Court is unable to discern from the allegations what it is that Plaintiff claims. Quite simply, the claim "lack[s] enough detail to . . . serv[e] its function as a guide to discovery." *Alston v. Parker*, 363 F.3d 250, 253 (3d Cir. 2004) (internal citations omitted). In addition, this claim is improperly joined as the alleged wrongful act took place in a different time-frame and is unrelated to the other claims raised by Plaintiff. *See* Fed. R. Civ. P. 18, 20.

## False Report, Arrest, Detention, and Incarceration

Plaintiff alleges that he was arrested without probable cause when Cornwell used a false report to file a criminal complaint and obtain an arrest warrant. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012); *see also Albright v. Oliver*, 510 U.S. 266, 274-75 (1994).

Because Plaintiff's claim of an arrest without probable cause may imply that his potential conviction on his pending criminal charges is invalid, the claim must be stayed pending resolution of those charges. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007). Therefore, with respect to the claims against Cornwell, the Court will stay this case and will defer reaching the merits of the claims and the threshold question of whether such claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994),[2] until the disposition

---

[2]In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence.

7

of Plaintiff's pending criminal charges in State Court.

## Conclusion

For the above reasons, the claims against Defendants Nurse Doe, Victim Doe, Dr. Arzadon, Moore, O'Neill, Dr. Lopez, Commissioner Southmayd, Mayor Steward, and Attorney General Biden will be dismissed as frivolous and because Commissioner Southmayd is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2). Amendment of them would be futile. The claim against Officer Castro will be dismissed for failure to state a claim. The Court does not have sufficient information to conclude that any amendment would be futile. The claim does not, however, belong in this case, and thus Plaintiff will not be allowed to replead it in this case. The claims against Cornwell will be stayed until resolution of the criminal charges pending against Plaintiff in State Court.

An appropriate order will be entered.